**Alan M. HILL and Norma P. Hill, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 89–2021–O.**

United States District Court,
D. Kansas.

March 1, 1990.

Daniel R. Ray, Shook, Hardy & Bacon, Overland Park, Kan., for plaintiffs.

Benjamin L. Burgess, Jr., U.S. Atty., and Leon J. Patton, Asst. U.S. Atty., Kansas City, Kan., and Seith G. Heald, Trial Atty., Tax Div., Office of Special Litigation, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on cross-motions for summary judgment. Plaintiffs seek a refund of income taxes and interest penalties thereon assessed against them by the Internal Revenue Service ("the IRS") for monies received by them in settlement of a lawsuit against United Airlines ("United"). For the reasons set forth below, plaintiffs' motion will be granted and defendant's motion will be denied.

In 1980, plaintiff Alan M. Hill sued United, alleging breach of contract and misrepresentation. The court in that case entered summary judgment in favor of United on the contract claim, but denied United's motion for summary judgment on the misrep-

resentation claim. Thereafter, in 1983, the parties settled the case, Alan M. Hill's net recovery being $3000.00. Pursuant to section 104(a)(2) of the Internal Revenue Code (26 U.S.C. § 104(a)(2), "the Code"), plaintiffs did not report the $3000.00 as taxable income for 1982. In 1987, the IRS determined that the amount plaintiffs received in settlement of the suit against United was taxable income and assessed plaintiffs $1440.00 in back taxes and $615.42 in interest. Plaintiffs filed a claim for refund, which the IRS denied. This suit followed.

In a motion for summary judgment, the movant need not negate the allegations of the nonmoving party. However, it must demonstrate that there is no genuine issue of material fact and is therefore entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). This initial burden entails "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

When faced with a motion for summary judgment, the nonmoving party may not simply rely upon its pleadings but rather must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Indeed, "the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The test is whether the facts, viewed in the light most favorable to the nonmoving party, are such that a court may conclude that a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

Section 104 of the Code states, in relevant part:

**(a) In general.**

Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable years, gross income does not include—

\* \* . \* \* \* \*

(2) the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness.

26 U.S.C. § 104. The scope of the exclusion contained in section 104(a)(2) is further defined by IRS regulations:

*Damages received on account of personal injuries or sickness.* Section 104(a)(2) excludes from gross income the amount of damages received (whether by suit or agreement) on account of personal injuries or sickness. The term "damages received (whether by suit or agreement)" means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution.

26 C.F.R. § 1.104–1(c) (1989). What constitutes "personal injuries," within the meaning of section 104(a)(2) is a question of fact. *Threlkeld v. Commissioner*, 87 T.C. 1294 (1986). While state law may be relevant in making this determination, it is not dispositive, and compensation received for both physical and non-physical injuries may be subject to exclusion. *Id.*

In the case at bar, plaintiff Alan M. Hill originally asserted two claims against United, misrepresentation and breach of contract. Under Kansas law, misrepresentation is an actionable tort. *Tetuan v. A.H. Robins Co.*, 241 Kan. 441, 738 P.2d 1210 (1987); *Johnson v. Geer Real Estate*, 239 Kan. 324, 720 P.2d 660 (1986). As noted, the breach of contract claim was dismissed on summary judgment. Defendant maintains that United paid plaintiff Alan M. Hill $3000.00 not only to settle the tort claim

but also to induce him not to appeal the summary judgment. However, defendant refers the court to no facts upon which a reasonable jury could find that such was the case. Therefore, the court holds that the payment plaintiffs received in settlement was excludable from their gross income.

IT IS THEREFORE ORDERED that plaintiffs' motion for summary judgment is granted. The clerk is directed to enter judgment in plaintiffs' favor in the amount of $2,055.42.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied.